JOHN B. CAMDEN, MARBELL CAMDEN, and PETER G. CAMDEN, plaintiffs in error, *v.* ROBERT L. ROBERTSON, defendant in error.

*Error to Hancock.*

In an action by several plaintiffs, the defendant cannot avail himself of the fact of the decease of one of the plaintiffs, before the commencement of the suit, except by plea in abatement.

Camden *et al. v.* Robertson.

THIS cause was tried, at the October term, 1840, of the Court below, before the Hon. Peter Lott. Judgment was rendered for the defendant. The plaintiffs brought the cause to this Court by writ of error.

S. H. LITTLE and A. WILLIAMS, for the plaintiffs in error.

J. H. RALSTON, and J. A. McDOUGALL, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *debt*, by *petition and summons*, commenced by the Camdens against Robertson, on two promissory notes. The defendant pleaded *nil debet*, on which issue was joined ; also payment, to which plaintiffs replied that defendant did not pay, and issue was thereupon joined.

The cause was tried by a jury. On the trial of the cause, the plaintiffs read two promissory notes without objection. The defendant then called a witness, and offered to prove that Marbell Camden, one of the plaintiffs, was dead at the commencement of this suit, to which the plaintiffs objected. The Court overruled the objection, and permitted the proof. The witness stated that he was informed by John B. Camden, one of said plaintiffs, that the said Marbell Camden was dead ; he also heard other persons in St. Louis say the same. He had also seen a notice of his death in a newspaper.

This being all the evidence, the defendant asked the Court to instruct the jury, that if they believed from the evidence, that the said Marbell Camden was dead when this suit was commenced, they must find for the defendant ; which instruction was given.

The plaintiffs asked the Court to give the following instructions to the jury, to wit, " If they believed from the evidence, that the defendant made the notes in the petition mentioned, to the said plaintiffs, as stated in the petition, and that said notes have not been paid by the defendant, then they will find a verdict for the plaintiffs. That the jury were to confine their enquiries to the matters put in issue by the pleas of the defendant, and that unless they believe the evidence given on the trial, supports the pleas, they must find for the plaintiffs ;" which instructions the Court refused to give. To the reception of the evidence and instructions given, as well as to the refusal to give the instructions asked by them, the plaintiffs excepted. The jury found a verdict for the defendant, on which judgment was rendered.

The assignment of errors, questions the correctness of the proceedings in the Court below, on the trial.

The evidence was inadmissible. If one of the plaintiffs had died before the commencement of the suit, this fact was no bar to the action, and could only be available to the defendant by pleading in abatement. (1)

(1) 1 Chit. Plead. 482.

The evidence being inadmissible, the instruction given on the prayer of the defendant, was clearly wrong.

The Court also erred in refusing the instructions asked for by the plaintiffs.

The judgment is consequently reversed, with costs, and the cause remanded, with instructions to the Court below, to award a *venire de novo.*

*Judgment reversed.*

*Note.* Coleman *v.* Henderson *et al., Ante* 251.